**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**



1.  JAYMEE ZABIENSKI, Individually
and on Behalf of All Others Similarly
Situated,

      PLAINTIFF

vs.

     Civil Action No. <u>12-CV-129-CVE-TLW</u>
     (Jury Demand)

1.     RCB BANK,

      DEFENDANT

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

COMES NOW Plaintiff Jaymee Zabiensjki, Individually and on Behalf of All Others Similarly Situated, and files this Original Class Action Complaint against Defendant RCB Bank and alleges as follows:

### INTRODUCTION

1.  Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant, RCB Bank, alleging violations of the Electronic Fund Transfer Act, 15 U.S.C.§ 1693 et seq. and its implementing regulations 12 C.F.R. § 205 et seq. (hereinafter referred to collectively as the "EFTA").

2.  The Congressional findings and declaration of purpose regarding the EFTA are as follows:

    (a)    Rights and liabilities undefined

        The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers.  However, due to the unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions and intermediaries in electronic fund transfers undefined.

    (b)    Purposes

        It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems.  The primary objective of this subchapter, however, is the provision of individual consumer rights.

15 U.S.C. § 1693.

3.      Among other things, the EFTA imposes certain disclosure requirements upon operators of automated teller machines ("ATMs").

4.      15 U.S.C. § 1693b(d)(3)(A) requires any ATM operator who imposes fees on consumers in connection with electronic fund transfers to provide notice of the fact that the fee is being imposed and the amount of the fee.

5.      15 U.S.C. § 1693b(d)(3)(B) identifies the location where the required notice must be posted as follows:

> (B)     Notice requirements
>
> (i)     On the machine
>
>         The notice required under clause (i) of subparagraph (A) with respect to any fee described in such paragraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.
>
> (ii)    On the screen
>         The notice required under clauses (i) and (ii) subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction….

6.      The relevant implementing regulation, 12 C.F.R. § 205.16(c) reinforces EFTA's statutory posting requirement, mandating that the mandatory fee notice: 1) be posted in a "prominent and conspicuous location" on or at the ATM machine; and 2) "on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying the fee."  12 C.F.R. § 205.16(c)(1) and (2).

7.      15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. 205.16(e), prohibit ATM operators from imposing a fee on a consumer unless EFTA's notice and posting requirements are followed by the ATM operator.

8.      Specifically, 15 U.S.C. § 1693b(d)(3)(C) states, in relevant part:

> (C)    Prohibition on fees not properly disclosed and explicitly assumed by the

consumer

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless-

(i)     The consumer receives such notice in accordance with subparagraph (B)...

## JURISDICTION AND VENUE

9.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693 et. seq.

10.     Plaintiff's claims asserted herein arose in this judicial district and Defendant is the operator of ATMs in this judicial district.

11.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

12.     Plaintiff, Jaymee Zabienski, is and at all times relevant hereto was a resident of the state of Oklahoma.

13.     Defendant, RCB Bank, on information and belief, headquartered at 300 West Patti Page Boulevard, Claremore, OK 74017.

14.     Defendant is an automated teller machine operator, as that term is defined by 12 C.F.R. § 205.16(a) which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which the inquiry is made."

## FACTS RELATED TO PLAINTIFF'S TRANSACTION

15.     Specifically, Plaintiff did on September 15, 2011, made a cash withdrawal from/electronic fund transfer at Defendant's ATM at 1600 S. Lynn Riggs Boulevard, Claremore, OK 74017. Defendant charged Plaintiff a fee of $1.50 in connection with this transaction.

16.    At the time of the above-described electronic transaction, Plaintiff did not maintain any accounts with Defendant.

17.    However, at the time of the above-described transaction, there was no notice posted "on or at" the ATM operated by Defendant apprising consumers that a fee would be charged for use of the ATM.

18.    Because Defendant did not post the required notice, it was not permitted to charge a usage fee to Plaintiff and other class members.

## CLASS ACTION ALLEGATIONS

19.    Plaintiff brings this class action on behalf of himself and all other similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

20.    Plaintiff seeks to represent a class of persons to be defined as follows:

> All persons who during the year preceding the filing of Plaintiff's complaint:  1) where charged a "terminal owner fee" at an ATM operated by Defendant when such persons made an electronic fund transfer and/or balance inquiry where, 2) no notice indicating that such fee was to be charged was posted on the outside of the ATM machine.

21.    Numerosity:  The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

22.    Plaintiff is informed and believes, and thereon alleges, that there are at minimum, thousands of members of the class described above.

23.    The exact size of the class and the identities of the individual members thereof are ascertainable through Defendant's records.

24.    Members of the class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

25.    Typicality:  Plaintiff's claims are typical of the claims of the members of the class.  The

claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

26.     Plaintiff and members of the class were each consumers who used an ATM machine operated by Defendant to make an electronic fund transfer or balance inquiry and were charged a terminal owner fee, notwithstanding that the posting providing notice of the fee required by EFTA "on or at" Defendant's terminals was not present.

27.     <u>Common Questions of Fact and Law</u>:  There is a well-defined community of interest and common questions of fact and law affecting members of the class.

28.     The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

     a.     Whether, under 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. 205.16, Defendant was, at all relevant times, an automated teller machine operator that imposed a fee on consumers for providing host electronic fund transfer services to those consumers;

     b.     Whether Defendant complied with the notice requirements of 15 U.S.C. § 1693(d)(3)(B) and 12 C.F.R. 205.16; and,

     c.     Whether Plaintiff and members of the class are entitled to statutory damages, costs and/or attorneys' fees for Defendant's acts and conduct.

29.     <u>Adequacy of Representations</u>:  Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

30.     <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the class.  While the aggregate damages which may be awarded to the members of the class are likely to be substantial, the damages suffered by the individual members of the class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other

litigation concerning this controversy already commenced by or against any member of the class. The likelihood of the individual members of the class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

## SUBSTANTIVE VIOLATION

31.    15 U.S.C. § 1693b(d)(3)(A) provides that as a prerequisite to imposition of a usage fee upon a consumer for host transfer services, an automated teller machine operator must provide notice to the consumer consistent with subparagraph (B) of that statutory section.

32.    Subparagraph (B) of 15 U.S.C. § 1693(d)(3) provides in relevant part:

    (B)    Notice requirements

        (I)    On the machine

            The notice required under clause (I) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

33.    In turn, subparagraph (C) of 15 U.S.C. § 1693b(d)(3) states, in relevant part:

    (C)    Prohibition on fees not properly disclosed and explicitly assumed by the consumer

        No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless-

        (i)    The consumer receives such notice in accordance with subparagraph (B)...

34.    EFTA's statutory notice requirements are reinforced by the implementing regulations set

forth at 12 C.F.R. § 205.16.

35.    Defendant violated the notice requirements of EFTA in connection with providing host transfer services to Plaintiff and the Class.

36.    Defendant was prohibited from imposing any usage fee or similar fee for providing host transfer services because it failed to comply with EFTA's notice requirements.

37.    15 U.S.C. § 1693m provides that Defendant shall be liable to Plaintiff and Class for violations of 15 U.S.C. § 1693 et seq. in the amount of, inter alia, statutory damages to be determined by the Court, the costs of this action and reasonable attorneys' fees.

38.    Plaintiff seeks the imposition of statutory damages, costs of suit and attorneys' fees.

## JURY DEMAND

39.    Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the class, prays for:

a.    An order certifying the class and appointing Plaintiff as the representative of the class, and appointing counsel for Plaintiff as counsel for the class;

b.    An award to Plaintiff and the members of the class of statutory damages;

c.    Payment of costs of suit; and

d.    Payment of reasonable attorneys' fees.

March 12, 2012

Respectfully submitted,

/s/  Weldon Stout
Weldon Stout, OBA #8673
300 W. Broadway; P.O. Box 707
Muskogee, OK 74402-0707
Tele: 918.682-1121;  Fax:  918.683-6340
Email:  weldon@wsfw-ok.com
                          and
Thomas J. Hadley, OBA No. 13807
Law Office of Thomas J. Hadley
115 So. Broadway
Hugo, Oklahoma 74743
(580) 326-3108 - Telephone
(580) 326-3182 - Facsimile
tjhadley@yahoo.com